UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADDIE HARPER,<br>Plaintiff, | : CIVIL ACTION NUMBER:<br>:<br>: Removed from the First Judicial District |
| VERSUS | : Court of Caddo Parish, Louisiana,<br>: Case No. 573,940-C |
| BIOMEDICAL APPLICATIONS OF<br>LOUISIANA, LLC, dba, SHREVEPORT<br>REGIONAL DIALYSIS CENTER,<br>Defendant. | :<br>:<br>:<br>: |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Bio-Medical Applications of Louisiana, LLC ("BMA"), defendant in this civil action before the First Judicial District Court of Caddo Parish, Louisiana, where it is currently pending as case number 573,940-C, who hereby gives notice of the removal of this civil action to the United States District Court for the Western District of Louisiana, Shreveport Division.

BMA submits this Notice of Removal pursuant to 28 U.S.C. § 1332(a) on the grounds that there is diversity of citizenship between the parties to this litigation and the amount in controversy exceeds the jurisdictional amount of $75,000.00. In support of this removal, BMA states as follows:

**I. INTRODUCTION**

On January 9, 2014, plaintiff Addie Harper ("Plaintiff") filed a Petition for Damages against BMA in the First Judicial District Court in the Parish of Caddo. Also named as a codefendant was an "Unknown Employee" of BMA. The Petition was served on BMA on February 4, 2014. As of the filing of this Notice of Removal, the Petition has not been served on the unnamed codefendant. Plaintiff's claims arise from an injury she sustained while receiving dialysis treatment at BMA on February 4, 2013. Pet. ¶¶ 3-5. Plaintiff declares herself to be a resident of Louisiana. *Id.*, p. 1.

## II. REMOVAL IS TIMELY.

Plaintiff's Petition was served on BMA on February 4, 2014. This Notice of Removal is being filed within thirty (30) days of service in accordance with 28 U.S.C. § 1446(b). True and correct copies of the Petition and "all process, pleadings, and orders served upon" BMA in the state court action are attached hereto *in globo* as **Exhibit "A,"** as required by 28 U.S.C. § 1446(a).

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BASED ON 28 U.S.C. § 1332(a).

### A. DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Louisiana. Pet., p. 1. BMA is a Delaware limited liability company with its principal place of business in Massachusetts. For diversity purposes, the citizenship of a limited liability company is "determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 5.3d 1077, 1080 (5th Cir. 2008). Here, the sole member of BMA is Bio-Medical Applications of Maryland, Inc. ("BMA-Maryland"). BMA-Maryland is a Delaware corporation with its principal place of business in Massachusetts, which makes it a citizen of both states. 28 U.S.C. § 1332(c)(1). Therefore, for the purpose of diversity jurisdiction, BMA is a citizen of Delaware and Massachusetts. Furthermore, BMA is not now, and was not at the time of the filing of Plaintiff's Petition and all intervening times, a citizen of Louisiana.

Because the remaining codefendant is unidentified, the citizenship of said codefendant is disregarded in determining whether this action is removable on the basis of jurisdiction under section 1332(a). 28 U.S.C. § 1441(b)(1). Accordingly, the diversity of citizenship requirement of section 1332(a) is met.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

Although Plaintiff does not specify in her Petition the amount of damages she seeks, it is "facially apparent from the Plaintiff's original petition that the claimed damages exceed [] $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-883 (5th Cir. 2000) ("The defendant may prove [the amount in controversy] by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."); *accord Griffin v. Ga. Gulf Lake Charles, LLC*, 562 F.Supp.2d 775, 778 (W.D. La. 2008).

In her Petition, Plaintiff alleges that she sustained injuries to her person, including her knee and hip. Pet. ¶ 5. The Petition alleges that Plaintiff has already undergone knee surgery and suffered a postoperative staph infection. *Id.*, ¶ 5. Plaintiff further alleges future degenerative post-traumatic arthritis, which will require a total knee replacement. *Id.* Plaintiff seeks relief for all past, present and future medical expenses, physical pain and suffering, loss of enjoyment of life, emotional distress, mental anguish, humiliation and embarrassment. *Id.*, ¶ 6. Therefore, it is clear from the face of Plaintiff's Petition that she seeks damages in excess of $75,000.00. Under the Fifth Circuit's governing standards, BMA has met its burden to prove that the amount in controversy exceeds the jurisdictional amount. *See Gebbia*, 223 F.3d at 882-884.

### IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

As of the filing of this action, the unnamed codefendant has not been "properly joined and served," and therefore, the consent of said codefendant is not required. 28 U.S.C. § 1446(b)(2)(A). Furthermore, removal to the United States District Court for the Western District of Louisiana, Shreveport Division, is proper because it embraces the First Judicial District Court of the Parish of Caddo, Louisiana, where the original action is pending. 28 U.S.C. §§ 1441(a), 98(c).

As required by 28 U.S.C. § 1446(d), BMA will promptly file a Notice of Removal to State Court Clerk, with a copy of this Notice of Removal attached, with the clerk of the First Judicial District Court of Caddo Parish, Louisiana. A copy of the Notice of Removal to State Court Clerk is attached hereto as **Exhibit "B."** If any question arises as to the propriety of the removal of this action, BMA requests the opportunity to submit a brief and oral argument and to conduct discovery in support of its position that removal is proper.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

BY: /s/ **John Stone Campbell III**
John Stone Campbell III, Bar# 23674
L. Adam Thames, Bar #32722
John A. Milazzo, Jr., Bar # 35249
Post Office Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: johnstone.campbell@taylorporter.com
adam.thames@taylorporter.com
john.milazzo@taylorporter.com

*Attorneys for Bio-Medical Applications of Louisiana, LLC*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system, and also served via United States mail, postage prepaid, to Plaintiff's counsel of record at the following address:

Stephen T. Collins
4340 Youree Dr.
Shreveport, LA 71105

Baton Rouge, Louisiana, this 3rd day of March, 2014.

/s/ **John Stone Campbell III**
John Stone Campbell III